**FILED**

FEB 2 6 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

1  **JOHANNA L STOWERS**
   606 Jefferson Street
2  Bakersfield, CA 93305
   661-376-5582
3
   JOHANNA L STOWERS, IN PRO PER
4

5

6
                    **DISTRICT COURT OF CALIFORNIA**
7
                      **IN THE EASTERN DISTRICT**
8

9  JOHANNA L STOWERS,                     ) Case No.: 1:20-CV-00292-AWI-EPG
                                          )
10                      Plaintiff,         ) **COMPLAINT AND DEMAND FOR JURY**
                                          ) **TRIAL**
11                                         )
         vs.                              ) (Unlawful Debt Collection Practices)
12                                         )
   CREDIT ONE BANK, N.A., a corporation,  ) Demand Exceeds $10,000
13                                         )
                                          )
14                      Defendant(s).     )
                                          )
15                                         )

16  _____

17                    **COMPLAINT FOR DAMAGES**

18                       **I.    INTRODUCTION**

19     1.   JOHANNA L STOWERS ("Plaintiff") brings this action against Credit One Bank Inc.

20  ("Defendant" or "COB") for violations of the Telephone Consumer Protection Act ("TCPA"), 47

21  U.S.C. § 227.  The TCPA is a federal statute that broadly regulates the use of automated telephone

22  equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

23  the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the

24  Federal Communications Commission ("FCC"), as well as the Fair Debt Collection Practices Act

25  ("FDCPA"), 15 U.S.C. § 1692 et. seq., and the Rosenthal Fair Debt Collection Practices Act

26

27
                                   - 1 -
28  _____
                    COMPLAINT FOR DAMAGES

1  ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibit creditors from engaging in abusive,

2  deceptive and unfair practices in connection with the collection of consumer debts.

3

4  ## II.   JURISDICTION

5      2.   Jurisdiction of this court arises under 47 U.S.C. § 227 et seq., 28 U.S.C. 1331, and 15

6  U.S.C. § 1692k(d).

7      3.   Venue and personal jurisdiction in this District are proper because Plaintiff resides in

8  this District, Defendant's collection communications were received by Plaintiff within this District

9  and Defendant does or transacts business within this District.

10

11  ## III.   PARTIES

12      4.   Plaintiff is a natural person residing in Bakersfield, Kern County, California 93305.

13      5.   Plaintiff is a natural person from whom a debt collector seeks to collect a consumer

14  debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiff is a

15  "debtor" as defined by the FDCPA 15 U.S.C. §1692a, and the RFDCPA, CAL. CIV. CODE §

16  1788.2(h).

17      6.   Upon information and belief, defendant Credit One Bank is located at 585 Pilot Rd. Las

18  Vegas NV 89113, and can be served by serving their president and CEO at the same location.

19      7.   Upon information and belief, the telephone numbers (661) 454-0810, (704) 251-8579,

20  (805) 342-1528, (610) 347-8326, (212) 519-0550, (661) 690-2596, (866) 849-5186, (661) 690-

21  2535, (661) 690-2571, (661) 690-2601, (661) 690-2612, (661) 454-0202, (661) 690-2566, (661)

22  690-2529, (805) 342-1528, and (331) 200-1193 all belong to Defendants.

23      8.   In the ordinary course of business, regularly, on behalf of itself or others, Defendant

24  engages in debt collection.  Thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL.

25  CIV. CODE § 1788.2(c) and by the FDCPA, 15 U.S.C. § 1692a(6).  Defendant regularly engages in

26  the collection of debt by telephone in several states including, California.

27

28

COMPLAINT FOR DAMAGES

9.  Defendant's businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

10.  When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

11.  The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12.  Within the last year, Defendant attempted to collect on consumer debt(s) from Plaintiff.

13.  The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14.  Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15.  During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates representatives, and insurers.

17.  The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.    FACTUAL ALLEGATIONS

COMPLAINT FOR DAMAGES

18.    Defendants are attempting to collect alleged consumer debts from Plaintiff.

19.    Plaintiff's alleged debts are money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

20.    Upon information and belief, defendant COB is listed as the creditor on all written communication regarding the account held by Plaintiff.

21.    Between the dates of January 3, 2020 and February 20, 2020, Defendant caused Plaintiff's cellular telephone number (661) 376-5582 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

22.    On January 3, 2020 at 9:02 am, Plaintiff received a phone call from telephone number (661) 454-0810.  Plaintiff answered the call and unequivocally revoked consent to be contacted on her cellular phone.

23.    When Plaintiff answered the phone, she heard a pause before the agent began to speak, indicating use of an automated telephone dialing system.

24.    The telephone number (661) 454-0810 belongs to COB, and upon information and belief, the calls were made in an attempt to collect on an account.

25.    On January 10, 2020  Plaintiff received a phone call from (973) 241-1202.  Plaintiff answered the call and unequivocally revoked consent to be contacted on her cellular phone for a second time.

26.    When Plaintiff answered the phone, she heard a pause before the agent began to speak, indicating the use of an automatic telephone dialing system.

27.    The telephone number (973) 241-1202 belongs to COB, and upon information and belief, the calls were made in an attempt to collect on an account.

28.    On February 5, 2020, Ms. Stowers received no less than six calls from (331) 200-1193 at the following times: 11:04 am, 11:04 am, 11:05 am, 8:06 pm, 8:07 pm, and 8:08 pm.

- 4 -

COMPLAINT FOR DAMAGES

29.     After the January 13, 2020 call, Plaintiff received approximately thirty five (35) additional calls from Defendant from January 16, 2020 through February 20, 2020.

30.     The purpose of the repeated phone calls was an attempt to collect an alleged debt.

31.     Each and every one of those telephone calls caused Plaintiff distraction, temporary loss of use of her telephone line, and annoyance.

32.     Defendant is familiar with the TCPA, FDCPA, and RFDCPA.

33.     Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

34.     Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect, or attempt to collect, the alleged debt.

35.     The approximately thirty-five (35) phone calls placed from Defendant to Plaintiff's cellular phone caused Plaintiff extreme emotional distress and aggravation.

## V.     CAUSE OF ACTION

### COUNT I

### DEFENDANT COB VIOLATED THE TCPA, 47 U.S.C § 227

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States… to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice --- to any

COMPLAINT FOR DAMAGES

1  telephone number assigned to a … cellular telephone service… or any service for which the

2  called party is charged for the call.

3  (b)      Within four years prior to the filing of this action, on multiple occasions Defendants

4  willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an

5  artificial prerecorded voice or an automatic telephone dialing system and as such,

6  Defendants knowingly and/or willfully violated the TCPA.

7  38.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an

8  award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant

9  to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated

10  the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for

11  each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

12

13  **COUNT II**

14  **DEFENDANT COB VIOLATED**

15  **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692B et. Seq.**

16  39.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint

17  as though fully set forth herein at length.

18  40.    Defendant COB violated the FDCPA.  Defendant's violations include, but are not

19  limited to, the following:

20  (a)      Defendant COB violated the FDCPA by collecting or attempting to collect a

21  consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of …

22  Title 15 of the United States Code (Fair Debt Collection Practices Act).

23  (i)      Defendant COB violated 15 U.S.C. § 1692d by engaging in conduct, the

24  natural consequence of which is to harass, oppress or abuse any person in connection with the

25  collection of the alleged debt; and

26

27

28

- 6 -

COMPLAINT FOR DAMAGES

1    (ii)  Defendant COB violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone

2 to ring or engaging Plaintiff in telephone conversations repeatedly; and

3    (iii)  Defendant COB violated 15 U.S.C. § 1692f by using unfair or

4 unconscionable means in connection with the collection of an alleged debt.

5  41.  As a result of the foregoing violations of the FDCPA, Defendant COB is liable to

6 Plaintiff for declaratory judgement that Defendant's conduct violated the FDCPA, actual damages,

7 statutory damages, and attorney's fees and costs.

8

9            **COUNT III**

10      **DEFENDANT COB VIOLATED THE ROSENTHAL**

11  **FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788**

12  42.  Plaintiff incorporates herein by reference all of the above paragraphs of this

13 complaint as though fully set forth herein at length.

14  43.  Defendant violated the RFDCPA.  Defendant's violations include, but are not limited

15 to, the following:

16  (a)  Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to

17 collect a consumer debt without complying with the provisions of Sections1692b to 1692j,

18 inclusive, of … Title 15 of the United States Code (Fair Debt Collection Practices Act).

19    (i)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §

20      1692d by engaging in conduct, the natural consequence of which is to harass,

21      oppress or abuse any person in connection with the collection of the alleged debt;

22      and

23    (ii)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §

24      1692e by using false, deceptive, or misleading representation or means in connection

25      with the collection of the alleged debt; and

26

27

28            - 7 -

(iii)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

44.   Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45.   As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, and statutory damages.

## VI.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JOHANNA L STOWERS respectfully requests that judgment be entered against Defendant Credit One Bank for the following:

(a)   Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(b)   Statutory damages of $1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b); and

(c)   Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).; and

(d)   Actual damages pursuant to 15 U.S.C. 1692k(a)(1); and

(e)   Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

(f)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(g)   For such other and further relief as the Court may deem just and proper.

## VII.   **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.


RESPECTFULLY SUBMITTED,

- 8 -

COMPLAINT FOR DAMAGES

1  Dated:  February 22, 2020

JOHANNA L STOWERS, Pro Per

JOHANNA L STOWERS
In Pro Per

- 9 -

COMPLAINT FOR DAMAGES