UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANNA L. STOWERS,<br><br>             Plaintiff,<br><br>    v.<br><br>CREDIT ONE BANK, N.A.,<br><br>             Defendant. | Case No.: 1:20-cv-00292-AWI-EPG<br><br>ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHAL WITHOUT PREPAYMENT OF COSTS |

Plaintiff, Johanna L. Stowers, is proceeding *pro se* and *in forma pauperis* in this action. The Court previously found service of the Complaint appropriate. Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to forward the following documents to the U.S. Marshal:

    a) Two completed and issued summons for each defendant;

    b) Two completed USM−285 forms for each defendant;

    c) Two copies of the Complaint filed on February 26, 2020 (ECF No. 1), for each defendant; and

    d) Two copies of this order for each defendant;

1

2. The Clerk of Court is directed to send the United States Marshal a copy of the Complaint and this order for the United States Marshal.

3. Within ten days from the date of this order, the United States Marshal is directed to notify the following defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

   a. **Credit One Bank, N.A.**

4. The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

5. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

   a) Personally serve process and a copy of this order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure[1] and 28 U.S.C. § 566(c).

   b) Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM−285 form and shall

---

[1] Rule 4(h), which addresses service on a corporation, partnership, or association, provides:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
(1) in a judicial district of the United States:
    (A) In the manner prescribed by Rule 4(e)(1) for serving an individual; or
    (B) By delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(c)(i).

Fed. R. Civ. P. 4(h)

include the costs incurred by the United States Marshal for photocopying additional copies of the summons and complaint and for preparing new USM−285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6. If a defendant waives service, that defendant is required to return the signed waiver to the United States Marshal.  The filing of an answer or a responsive motion does not relieve defendants of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).

7. In the event that a defendant either waives service or is personally served, that defendant is required to reply to the complaint. 42 U.S.C § 1997e(g)(2).

IT IS SO ORDERED.

Dated:   **July 28, 2020**                              /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE